UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCO VINCINO MALAN GUAMAN,<br>Petitioner,<br>v.<br>ANTONE MONIZ, et al.<br>Respondents. | CIVIL ACTION NO.<br>26-CV-14153-WGY |

YOUNG, D.J. September 16, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Marco Vincino Malan Guaman ("Petitioner") for habeas corpus relief under 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, as well as the Respondents' Response to Habeas Petition and Motion to Dismiss ("Response"), ECF No. 6.

This Court agrees with Petitioner that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge. This conclusion is consistent with the binding decision in Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL2352042 (1st Cir. Aug. 13, 2026).

Respondents submit that "Pursuant to First Circuit's decision in Guerrero Orellana v. Moniz, 25-2152, 2026 WL 2352042, at *1 (1st Cir. Aug. 13, 2026), and this Court's

decision in Mishqui Agualsaca v. Hyde, et al. (sic), No. 1:26-cv-10925-WGY (D. Mass. Feb. 26, 2026), this Court will find that Petitioner is detained pursuant to 8 U.S.C. § 1226(a)." ECF No. 6 at 1. Respondents concede that "Petitioners detained pursuant to 8 U.S.C. § 1226 are entitled to a bond hearing should they request one." Id. To the extent the government argues that Petitioner failed to exhaust administrative remedies by not first asking the Immigration Court for a bond hearing or require Petitioner request a bond hearing before adjudicating this Petition, the Court will not deny the petition on the basis of exhaustion. See Waters Rossin v. Moniz, 26-cv-13436-BEM, ECF No. 12 (D. Mass. Aug. 4, 2026) (Murphy, J.); Arevalo v. Moniz, 26-cv-13733-LTS, ECF No. 15 (D. Mass. September 8, 2026) (Sorokin, J.).

Based upon the foregoing, the Court construes—and ORDERS the Respondents to likewise construe—the pending petition as conveying a request for a bond hearing before the Immigration Court.

Accordingly, the Court hereby ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Petitioner poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held

within seven (7) days of the date of this Order. The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

Respondents' Motion to Dismiss, ECF No. 6, is DENIED.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE